Ruffin, Judge.
 

 A very important and unsettled question has been discussed in this case, which it is not necessary to decide, for the purposes of the judgment we are, to give. It certainly has been ruled, of late, by Courts of the very greatest ability, that in every case where a new promise takes a case out of the statute of limitations, the old duty is to be regarded solely as the consideration of the new engagement, and the action is founded on the latter. Whether this be so, or whether the bar of the statute against the first promise he simply repelled by a subsequent acknowledgment, it is not incumbent on us now to say. For whether it be the one or the other, the. new promise or acknowledgment must be an express promise to pay a particular sum, either absolutely or conditionally ; or such an admission of facts, as clearly shows, out of the party’s own mouth, that a certain balance is due, from which the law can imply an obligation and promise to pay
 
 •,
 
 or that the parties are yet to account, and are willing to account and pay the balance then ascertained. Mere vague declarations, from which a Court and
 
 jury
 
 can only surmise that possibly the Defendant meant to admit himself a debtor for some undefined amount, and without reference to any tiling that can make it certain, are not sufficient. The admission must at least be so distinct, as not to leave the, jury to grope in the dark as to the intention of the parties. We cannot impose on the Defendant the necessity of proving a full defence against a stale demand, unless by bis own admission, that demand appears
 
 *369
 
 io be a just one. Here tiie Defendant admits, that a set-tlcment had not taken place. He said it ought to have been made. But lie did not agree to enter into it, nor did lie acknowledge that any thing was due from him. So far from it, he said there would be little, if any thing, due. Can any subsisting debt be inferred from this ? If it can, every man must subject himself to the suspicion of dishonesty, by refusing to give any explanations to an executor, of toe dealings with his testator $ or he must be actually dishonest by giving a false representation of them. He must be absolutely silent or tell a falsehood ; or he subjects himself to the difficulty of proving thesatis-faction of a demand, which the law presumes to be sa-tislied, or rather not to exist. There is not an acknowledgment that any thing is due; but if there be, it is very little. Shall this take the whole demand out of the statute? if it does not help the whole., it does not any ; for the Jury cannot say, how much “ very little” is, and therefore it is no measure of the debt. Its only use must be to repel the statute. And the effect is to revive the whole debt upon an express declaration that very little is due; from which it is necessarily inferred, that the whole is not due. Every evil which the statute was meant to remedy, would follow such a construction. No promise can be implied from such a communication, to pay any thing; and without such a promise, express or implied, the statute remains an absolute bar.
 

 Per Curiam. — Let the judgment of the Court below be affirmed.